BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**NATALIE K. WIGHT, OSB #035576**
natalie.wight@usdoj.gov
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, Oregon  97204-2902
Telephone:  (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:18-cr-00638-BR |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **NICHOLAS JAMES STACY,** | **Sentencing: Mon 8/24/20 @ 3:30pm** |
| Defendant. | |

The United States of America, submits the following sentencing memorandum for the Court's consideration.  Defendant pled guilty to one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1).  The government recommends a 60-month mandatory minimum sentence, followed by a five-year term of supervised release, and $4000 in restitution.

**Government's Sentencing Memorandum**                                                                                    **Page 1**

## FACTUAL BACKGROUND

The government concurs with the summary of facts in the Presentence Report (PSR) and recommends the Court use the fact summary as a basis for sentencing defendant.

In September 2015, during the investigation of another suspect, law enforcement learned that an account associated with defendant Nicholas Stacy was recieving sexually explicit images of children. A search warrant was executed at defendant's residence in Milwaukie, Oregon, and numerous digital devices were searched and found to contain hundreds of images and videos of child pornography.

After a lull in the investigation and prosecution of defendant, the case was revived by a new cyber tip from the National Center for Missing and Exploited Children. The tip indicated that a different account associated with defendant was receiving images of child pornography. A second search warrant was executed at defendant's residence, in Clackamas, Oregon. A forensic review of defendant's digital devices revealed more 9000 videos and 20,000 images of child pornography.

Defendant was arrested on September 11, 2018, on child pornography charges, and has remained in custody since that time. And on November 14, 2019, defendant pled guilty, pursuant to a plea agreement, to a one-count superseding

information charging receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). The government agreed to dismiss the original indictment. The maximum penalty for a violation of 18 U.S.C. § 2252A(a)(2) is a maximum of 20 years of imprisonment, a minimum of 5 years of imprisonment, a fine up to $250,000, a term of supervised release from five years to life, and a mandatory fee assessment of $100.

## SENTENCING CONSIDERATIONS

### I. Legal Standard

Although the sentencing guidelines are no longer binding, *United States v. Booker*, 543 U.S. 220 (2005), they still serve as the "starting point" and "initial benchmark" in every sentencing. *Peugh v. United States*, 133 S. Ct. 2072, 2080 (2013). The guidelines are a statutory factor that sentencing courts must consider when imposing a sentence, 18 U.S.C. § 3553(a)(4), and "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *United States v. Rita*, 551 U.S. 338, 350 (2007). The guidelines serve as a "lodestar" at sentencing and "anchor" the Court's discretion. *Peugh,* 133 S. Ct. at 2083-84.

The remaining statutory considerations include the defendant's history and characteristics, the nature and seriousness of the offense, the need to provide just punishment and adequate deterrence, the need to promote respect for the law, and the need to protect the public from further crimes committed by the defendant. 18

U.S.C. § 3553(a)(1)-(2). Other factors include "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6); and, where applicable, the need to provide restitution to any victims of the offense, 18 U.S.C. § 3553(a)(7). *See also Rita*, 551 U.S. at 347-48.

In *United States v. Carty*, 520 F.3d 984 (9th Cir. 2008), the Ninth Circuit, sitting *en banc*, summarized the procedures a sentencing court must follow. The Court must first correctly determine the applicable sentencing guideline range. *Id*. at 991. The Court must also allow the parties to "argue for a sentence they believe is appropriate," and "consider the § 3553(a) factors to decide if they support the sentence suggested by the parties." *Id*. The Court may not presume the guidelines are reasonable, and should not give them more or less weight than any other factor. *Id*. The Court "must make an individualized determination based on the facts," and explain its sentence "sufficiently to permit meaningful appellate review." *Id*. at 991-92.

//


//


//

## II.     Guidelines Application

### A.     Guidelines Calculation Summary

| Base Offense Level | 22 |
|---|---|
| Use of computer | +2 |
| Images of infants or sadistic conduct | +4 |
| Images of prepubescent minors | +2 |
| More than 600 images | +5 |
| Receipt of Images | -2 |
| Adjustment - Acceptance of Responsibility | -3 |
| 18 U.S.C. § 3553(a) Variance | -4 |
|  |  |
| Adjusted Offense Level | 26 |
| Criminal History Category | I |
| **Adjusted Guidelines Range:** | **63-78 months** |

### B.     Sentencing Recommendation

The government concurs with the guidelines computation of 97 to 121 months as calculated in the PSR, but the government has determined that an additional four level variance to the adjusted 63 to 78 month range is appropriate in this case.  Pursuant to the plea agreement, the government agreed to recommend a three level variance and a sentence of 70 months.  The U.S. Probation office recommended a sentence of 72 months.  And while the criminal conduct committed in this case certainly justify a sentence of 70 months, it has been nine months since the plea was signed, and the original conduct in this case is aging quickly.  Moreover, defense counsel has worked very hard to keep the government

abreast of defendant's mitigation investigation and rehabilitative progress while in custody.

Some sex offenders operate by distancing themselves from reality so they are unable to recognize the grievous sexual abuse suffered by the children in the images they collect. But defendant has been able to communicate that he now sees the victims as real children, and understands that his conduct made him complicit in exploiting their trauma. While this is only a first step in his recovery, I have been able to confer with the defense to discuss defendant's future plans to continue his rehabilitation and engage in sex offender treatment while in BOP custody.

Based on defendant's submitted mitigation materials, his acceptance of responsibility, and commitment to rehabilitation, the government now asserts that a recommended sentence of 60 months is sufficient, but not greater than necessary, to comply with all the factors set forth in 18 U.S.C. § 3553(a), to include, *inter alia*, defendant's history and characteristics, the nature and seriousness of the offense, the need to provide just punishment and adequate deterrence, the need to promote respect for the law, and the need to protect the public from further crimes committed by the defendant.

## CONCLUSION

For the reasons discussed above, the government recommends the Court impose a sentence of 60 months' imprisonment, followed by a five-year term of

supervised release. The government also requests the Court impose a total restitution amount of $4000. The government will provide the victim payment information separately to the Court.

Dated this 19th day of August 2020.

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*/s/ Natalie K. Wight*
**NATALIE K. WIGHT, OSB #035576**
Assistant United States Attorney